UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALANI KARUPAIYAN,<br><br>                        Plaintiff,<br><br>-against-<br><br>EXPERIS IT; MANPOWERGROUP; JONAS PRISING, individually and in his official capacity as Chairman, CEO of the ManpowerGroup; SAMANTHA MOORE, individually and in her official capacity as Recruiting Lead of the Experis IT,<br><br>                        Defendants. | 21-CV-4675 (LGS)<br><br>ORDER OF SERVICE |

LORNA G. SCHOFIELD, United States District Judge:

      WHEREAS, Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, and alleges that Defendants discriminated against him based on his race, color, sex, national origin, religion, age, disability and United States citizenship. Dkt. No. 1.

      WHEREAS, on July 2, 2021, the Court issued an Order granting Plaintiff's request to proceed *in forma pauperis* (IFP). Dkt. No. 5.

**A.    Service on Defendants**

      WHEREAS, because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue

and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

WHEREAS, although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. It is hereby

**ORDERED** that Plaintiff's time to serve the summonses and complaint is extended until **90 days after the date summonses are issued**. If the complaint is not served within that time, Plaintiff shall request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)."). It is further

**ORDERED** that Plaintiff shall notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Motion for an Extension of Time for Service and to Stay Case**

WHEREAS, on July 9, 2021, the Court received from Plaintiff a motion requesting additional time to serve summonses and the complaint on the Defendants, until December 31, 2021, and to stay the case. Dkt. No. 4.

WHEREAS, Plaintiff has been granted permission to proceed IFP and therefore is entitled to rely on the Court and the U.S. Marshals Service to effect service. It is hereby

**ORDERED** that Plaintiff's request is **DENIED without prejudice to renewal, as premature**.

**CONCLUSION**

The Clerk of Court is respectfully directed to transmit a copy of this order to Plaintiff, together with an information package;[1] to complete the USM-285 forms with the addresses for Defendants Experis IT, ManpowerGroup, Jonas Prising, and Samantha Moore, issue summonses, and deliver to the U.S. Marshals Service all documents necessary to effect service; and to close the motion at Docket No. 4.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: July 14, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has consented to electronic service of court documents. (ECF 3.) He does not provide a physical address.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Experis US, Inc.
   99 Park Avenue, 9th Floor
   New York, NY 10016

2. ManpowerGroup US, Inc.
   99 Park Avenue, 9th Floor
   New York, NY 10016

3. Jonas Prising
   Chairman and CEO
   ManpowerGroup US, Inc.
   99 Park Avenue, 9th Floor
   New York, NY 10016

4. Samantha Moore
   Recruiter
   Experis US, Inc.
   99 Park Avenue, 9th Floor
   New York, NY 10016