```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   PALANI KARUPAIYAN,                                       :
                              Plaintiff,                    :
                                                            :    21 Civ. 4675 (LGS)
                   -against-                                :
                                                            :              ORDER
   EXPERIS IT, et al.,                                      :
                              Defendants.                   :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff has filed an Application for the appointment of pro bono counsel. For the following reasons, the application is denied without prejudice.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Courts instead have broad discretion when deciding whether to grant an indigent litigant's request for *pro bono* representation. Even if a court believes that a litigant should have a free lawyer, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Courts moreover do not have funds to pay counsel in civil matters. Applications for *pro bono* counsel must be granted sparingly, and with consideration of the public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth factors a court should consider in deciding whether to grant an indigent litigant's pro bono counsel request. 802 F.2d at 61-62. At the threshold, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for

leave to proceed *in forma pauperis*.  The litigant must also demonstrate that the claim "seems likely to be of substance," "a requirement that must be taken seriously." *Id.* at 60–61.  If these threshold requirements are met, then a court must consider additional factors including:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *accord Cooper*, 877 F.2d at 172 (listing factors).  In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the case has survived a dispositive motion.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts.  *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed his request for pro bono counsel on October 6, 2021.  Plaintiff qualifies as indigent.  The Complaint alleges several causes of action, including under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA").  The Complaint alleges that Defendant discriminated against Plaintiff due to his race, ethnicity, age and disability status between June 2017 and December 2017, and that Plaintiff filed a complaint with the EEOC on January 13, 2018.  While the Complaint does not state when Plaintiff received his right-to-sue letter from the EEOC, the Complaint suggests that Plaintiff's case was filed too late because he did not file it within ninety days of receiving the letter.  *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII and ADA); 29 U.S.C. § 626(e) (ADEA).  This strongly suggests that Plaintiff's claims are not "likely to be of substance." *Hodge*, 802 F.2d 61-62.  Accordingly, the appointment of counsel is inappropriate at this time.  If the case survives until the time of trial, Plaintiff may renew his request for pro bono counsel then.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for the appointment of pro bono counsel is denied without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and close the motion at Dkt. No. 21.

Dated:  October 13, 2021
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE