UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                         :
  PALANI KARUPAIYAN, et al.,            :
                     Plaintiffs,   :
                                           :                         21 Civ. 4675 (LGS)
                  -against-          :
                                           :             **OPINION AND ORDER**
  EXPERIS IT, et al.,                   :
                      Defendants.   :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiffs Palani Karupaiyan and his minor children, R.P. and P.P., bring this

action against Defendants US Inc., ManpowerGroup US Inc., Jonas Prising and Samantha

Moore, alleging unlawful discrimination in connection with Defendants' decision not to hire

Karupaiyan. Defendants filed a motion to dismiss most, but not all, of the claims in the

Amended Complaint (the "Complaint") for failure to state a claim pursuant to Federal Rule of

Civil Procedure 12(b)(6). For the following reasons, the motion is granted in part and denied in

part.

## I.    BACKGROUND

The following facts are taken from the Complaint and documents attached to it. *See*

*Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021). The facts are

construed in the light most favorable to Plaintiffs as the non-moving party and presumed to be

true for the purpose of this motion. *Id.* at 299 n.1.

Karupaiyan (hereafter "Plaintiff") is a fifty-year-old naturalized U.S. citizen, who was

born in Tamil Nadu, a state in southern India. He describes himself as a follower of the Hindu

religion. Plaintiff has diabetes and Situs Inversus Totalis ("SIT"), a genetic disability that causes

him pulmonary and vascular issues.  Plaintiff is a software engineer with more than twenty years of coding and information technology experience.

Experis IT is a software development company that works on "[f]ederal," "state[]," and "city contracts" and has contracts with "many [F]ortune 500 [] corporations."  Experis IT is "a dedicated business unit of ManpowerGroup[,] a third ranked world leader in employment services."  Samantha Moore is a Recruiting Lead at Experis IT, and Jonas Prising is the CEO of ManpowerGroup.

In around October 2017, while Plaintiff was working as a software engineer contractor for the New York City Department of Education ("NYCDOE"), Experis IT became the "new contractor of DOE for IT and Software development service."  In October 2017, Plaintiff communicated to Moore his interest in continuing to work on NYCDOE projects.  Plaintiff provided Moore with his resume and LinkedIn profile.  Plaintiff alleges that, when positions became available, Moore refused to hire him because of his age, sex, disability, religion, race, color, citizenship and national origin.

On or about January 13, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") against Experis IT.  The EEOC issued a Dismissal and Notice of Rights on November 29, 2018, but the Complaint alleges that Plaintiff never received the right to sue letter from the EEOC.[1]

## II.   STANDARD

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Kaplan v. Lebanese*

---

[1]  Plaintiff also filed an affidavit stating that he "did not receive the [EEOC] Right to Sue letter until [March 21, 2022.]"

*Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level."  *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

A pro se litigant's papers must be construed liberally "to raise the strongest arguments they suggest."  *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021).  "The policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation . . . of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training."  *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017) (internal quotation marks omitted).  "We afford a pro se litigant special solicitude by interpreting a complaint filed pro se to raise the strongest claims that it suggests."  *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal quotation marks omitted).

## III.   DISCUSSION

The Complaint asserts a litany of civil rights violations, tortious conduct, and criminal activity related to Defendants' failure to hire Plaintiff for the NYCDOE projects in or around

October 2017.[2]  Liberally construed, the Complaint alleges age, sex, disability, religious, racial

and/or national origin discrimination in violation of Title VII, the Americans with Disabilities

Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), Genetic Information

Nondiscrimination Act ("GINA"), the New York State Human Rights Law ("NYSHRL") and the

New York City Human Rights Law ("NYCHRL").

The Complaint also alleges intentional infliction of emotion distress ("IIED"), fraud and

unjust enrichment claims under New York law, and accuses Defendants of related criminal

activity.  *See Green*, 16 F.4th at 1074 (A pro se litigant's papers must be construed liberally "to

raise the strongest arguments that they suggest.").

The IIED claim is time-barred by CPLR § 215(3); Plaintiff lacks standing to prosecute

criminal claims; the Complaint fails to state a claim of fraud or unjust enrichment and the

remaining claims in the Complaint are not valid causes of action.  For the reasons discussed

below, Defendants' motion is granted in part and denied in part.

---

[2]  The  Complaint asserts twenty-three claims:  (1) age discrimination in violation of ADEA and
Title VII; (2) "[c]olor discrimination" in violation of Title VII; (3) discrimination based on
corruption in violation of Title VII; (4) disability discrimination in violation of ADA and Title
VII; (5) dishonoring family/comtempt of court; (6) disposal of evidence; (7) intentional infliction
of emotional distress; (8) "[f]ailure/refus[al] to hire" in violation of Title VII, ADA, ADEA,
GINA, the New York State Human Rights Law ("NYSHRL") and the New York City Human
Rights Law ("NYCHRL"); (9) failure to accommodate in violation of ADA and Title VII; (10)
fraud; (11) favoring hiring foreigners over U.S. citizens in employment in violation of Title VII;
(12) gender discrimination in violation of Title VII; (13) genetic discrimination in violation of
GINA; (14) national origin discrimination in violation of Title VII; (15) payroll tax evasion and
money laundering; (16) racial or ethnicity discrimination in violation of Title VII; (17) religious
discrimination in violation of Title VII; (18) retaliation in violation of Title VII, ADA, ADEA,
NYSHRL and NYCHRL; (19) unequal terms and conditions in violation of Title VII, ADA,
ADEA, NYSHRL and NYCHRL; (20) unjust enrichment; (21) "[b]enefited/[t]aken child support
money/[u]njust enrichment by child support money" (22) U.S. citizenship discrimination in
violation of Title VII, GINA, NYHRL, and NYCHRL and (23) loss of income.

### A.      Title VII, ADA, ADEA and GINA --Ninety-Day Time Limitation

Defendants move to dismiss the federal discrimination claims as time barred because they arose from Plaintiff's EEOC Charge and were not filed within ninety days of the receipt of the Dismissal and Notice of Rights, as required by 29 U.S.C. § 626(e).[3]   The argument fails on this motion to dismiss.

Actions alleging employer violations of Title VII, ADA, ADEA and GINA are subject to the same administrative procedure requirements and must be filed within ninety days of receipt of the EEOC's right to sue letter.  *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII, ADA and GINA); 29 U.S.C. § 626(e) (ADEA).  This time limitation is "analogous to a statute of limitations." *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir. 1996) (citation omitted); *accord Wimberly v. automotiveMastermind, Inc.*, No. 20 Civ. 2880, 2021 WL 2043623, at *3 (S.D.N.Y. May 21, 2021).  "Normally it is assumed that a mailed document is received three days after its mailing," and "in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996) (citations omitted); *accord Johnson El v. New York City Admin. for Children's Servs.*, No. 19 Civ. 4352, 2021 WL 293327, at *2 (S.D.N.Y. Jan. 28, 2021).  A Plaintiff can rebut this presumption with evidence to the contrary.  *See Sherlock*, 84 F.3d at 526 (A plaintiff can rebut the three-day mailing presumption by providing "sworn testimony or other admissible evidence from which it could reasonably be inferred either that the [right to sue] notice was mailed later than its typewritten date or that it took longer than three days to reach [the claimant] by mail." (citation omitted)).

---

[3]  Defendants' motion to dismiss does not address the Complaint's NYSHRL and NYCHRL claims.

It is well-settled that "the burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018).  The same is true for ADEA claims, *see Houston v. Manheim-New York*, 475 F. App'x 776, 779 (2d Cir. 2012) (summary order), and ADA and GINA claims, *Wimberly*, 2021 WL 2043623, at *3.  Because untimeliness is an affirmative defense, claims are not usually dismissed on this ground unless untimeliness is apparent from the face of the complaint or documents attached to the complaint.  *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015); *accord Lucesco Inc. v. Republic of Arg.*, 788 F. App'x 764, 767 (2d Cir. 2019) (summary order).

Here, the Complaint affirmatively alleges that Plaintiff filed a Charge of Discrimination with the EEOC against Experis IT on or about January 13, 2018, but that Plaintiff never received the right to sue letter from the EEOC.  Defendants filed with their motion a copy of the right to sue letter, which states that the notice was mailed on November 29, 2018.  Plaintiff filed in response an affidavit, dated March 21, 2022, stating that he "did not receive the [EEOC] Right to Sue letter until today."  Neither of these documents can be considered on a motion to dismiss. *See United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021), *cert. denied,* 142 S. Ct. 2679, (2022) ("Where a district court considers material outside of the pleadings that is not attached to the complaint, incorporated by reference, or integral to the complaint, the district court, to decide the issue on the merits, must convert the motion into one for summary judgment.").  Even if converted, the issue could not be resolved on a motion for summary judgment because the documents conflict and merely illustrate, rather than resolve, the parties' factual dispute.

Because the Complaint does not conclusively show that Plaintiff failed to follow the

administrative procedures, including the ninety-day filing rule applicable to the Title VII, ADA,

ADEA and GINA claims, the motion to dismiss these claims is denied.

### B.      IIED – One-Year Statute of Limitations

The IIED claim is dismissed as untimely.  Under New York law,[4] the statute of

limitations for IIED and other intentional torts is one year.  *See* CPLR § 215(3); *Trayvilla v.*

*Japan Airlines*, 111 N.Y.S.3d 224, 225 (2d Dep't 2019).  "A cause of action alleging intentional

infliction of emotional distress accrues on the date of injury."  *Wilson v. Erra*, 942 N.Y.S.2d 127,

129 (2d Dep't 2012); accord *Conte v. Cnty. of Naussau*, 596 F. App'x 1, 5 (2d Cir. 2014)

(summary order).

The IIED is barred by New York's one-year statute of limitations because the Complaint

alleges that Plaintiff was first injured -- i.e., suffered emotional distress -- in or around October

2017, when Defendants refused to hire him.  Plaintiff commenced this action more than three

years later, on May 25, 2021.

Plaintiff argues that the IIED claim should not be dismissed because he had not received

the EEOC right to sue letter and could not file a "piece meal complaint."  This is incorrect.

Unlike the Title VII, ADA, ADEA and GINA claims, the IIED claim does not require

administrative exhaustion.  Nor does Plaintiff's non-receipt of the EEOC right to sue letter toll

the limitations period.  *See Castagna v. Luceno*, 744 F.3d 254, 258 (2d Cir. 2014) (holding "as a

matter of federal law that filing an EEOC charge does not toll the time for filing state tort claims,

---

[4]  This Opinion applies New York law as the parties both assume that New York is the applicable
substantive law, "and such implied consent . . . is sufficient to establish choice of law."  *Chau v.*
*Lewis*, 771 F.3d 118, 126 (2d Cir. 2014); *Johnson v. JPMorgan Chase Bank, N.A.*, 488 F. Supp.
3d 144, 159 n.24 (S.D.N.Y. 2020).

including those that arise out of the same nucleus of facts alleged in the charge of discrimination

filed with the EEOC").  Accordingly, the IIED claim is dismissed as untimely.

        **C.**        **Fraud**

The fraud claim is dismissed because the Complaint does not allege that Plaintiff relied

on the alleged misrepresentations.  To state a claim for fraud under New York law, a plaintiff

must allege:  "(1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's

falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages."

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 170 (2d Cir. 2015)

(applying New York law); *accord Connaughton v. Chipotle Mexican Grill, Inc.*, 75 N.E.3d 1159,

1163 (N.Y. 2017).  A plaintiff also must satisfy the heightened pleading standard in Federal Rule

of Civil Procedure 9(b).

Liberally construed, the Complaint alleges that Moore misrepresented that two non-U.S.

citizen employees she hired were "incumbents" when she knew they were not resulting in

Defendants' failure to hire Plaintiff for the NYCDOE projects.  But the Complaint does not

allege that Plaintiff relied on Moore's misrepresentations or how Plaintiff was injured by relying,

as required under New York law.  "Critically, [a] false representation does not, without more,

give rise to a right of action, either at law or in equity, in favor of the person to whom it is

addressed.  To give rise, under any circumstances, to a cause of action, either in law or equity,

reliance on the false representation must result in injury." *Connaughton*, 75 N.E.3d at 1163

(internal quotation marks omitted).

The allegations also do not satisfy the heightened pleading standard of Federal Rule of

Civil Procedure 9(b). *See Loreley Fin. (Jersey) No. 3 Ltd.*, 797 F.3d at 171 ("In essence, Rule

9(b) places two further burdens on fraud plaintiffs -- the first goes to the pleading of the

circumstances of the fraud, the second to the pleading of the defendant's mental state.").

Accordingly, the fraud claim is dismissed.

### D.      Unjust Enrichment

Plaintiff's unjust enrichment claim is dismissed.  To plead unjust enrichment, "a plaintiff

must allege that (1) the other party was enriched, (2) at that party's expense, and (3) that it is

against equity and good conscience to permit the other party to retain what is sought to be

recovered."  *Metro. Bank & Tr. Co. v. Lopez*, 137 N.Y.S.3d 319, 321 (1st Dep't 2020) (internal

quotation marks omitted).  Unjust enrichment "is not a catchall cause of action to be used when

others fail."  *E.J. Brooks Co. v. Cambridge Sec. Seals*, 105 N.E.3d 301, 312 (N.Y. 2018).  Unjust

enrichment is proper only "in unusual situations" where there is no traditional contract or tort

claim, and often where the defendant has done no wrong, but "the circumstances create an

equitable obligation running from the defendant to the plaintiff."  *Corsello v. Verizon N.Y., Inc.*,

967 N.E.2d 1177, 1185 (N.Y. 2012).  "Typical cases are those in which the defendant, though

guilty of no wrongdoing, has received money to which he or she is not entitled."  *E.J. Brooks

Co.*, 105 N.E.3d at 312.

Here, the Complaint alleges that Defendants paid "commission" to the NYCDOE "to

employ[]/place foreigner and against US citizen" which "is [a] corrupt/bribe business practice."

The Complaint also alleges that Defendants "[e]vad[ed] tax/payroll tax," engaged in "money

laundering" and that "[b]ecause of [these] corrupt business practice[s]" Plaintiff was not

employed.  These allegations do not state a claim for unjust enrichment.  Liberally construed,

even if Defendants were enriched through some corruption or bribe paid by a third party, and

Plaintiff was not hired as a result, unjust enrichment is not the appropriate claim to recover for

such injury.

Unjust enrichment is a quasi-contract claim that creates an obligation for payment in the absence of an actual agreement between the parties. *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 907 N.E.2d 268, 274 (N.Y. 2009). Applying this principle, the New York Court of Appeals held that an unjust enrichment claim could not support the disgorgement of profits that a defendant obtained from third parties because the defendant was not unjustly enriched "at plaintiff's expense" because the plaintiff did not pay those amounts to the defendant. *Id.* As the Court of Appeals later explained about that case, "Though [defendant] may have been enriched, and though [plaintiff] may have been injured in other ways, recovery of the third-party fees was denied because there was no impairment of any preexisting right to the fees." *E.J. Brooks Co.*, 105 N.E.3d at 313 (discussing *IDT Corp v. Morgan Stanley Dean Witter & Co., supra*). For the same reason here, the unjust enrichment claim is dismissed.

### E.   Alleged Criminal Claims and Other Causes of Action

The Complaint's remaining state law claims are legally insufficient to state cognizable claims. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff cannot bring criminal charges against Defendants. The Complaint asserts claims against Defendants for "[p]ayroll tax evasion/[m]oney laundering", "[d]ishonoring family court order/contempt of court", and "[b]enefited/[t]aken child support money/[u]njust enrichment by child support money". For each of these claims, Plaintiff seeks relief in the form of five years' imprisonment of Moore and Prising.

Plaintiff cannot initiate the arrest or prosecution of an individual in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of

another.").  A prosecutor's discretionary authority to bring a criminal action is "immune from control or interference by citizen or court."  *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972); *accord El Bey v. New York*, No. 21 Civ. 7032, 2021 WL 5853994, at *3 (S.D.N.Y. Dec. 9, 2021).  Plaintiff's attempt to bring federal criminal charges against Defendants is therefore dismissed because he fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Complaint's remaining two claims -- disposal of evidence and loss of income -- are not cognizable claims.  *See* 28 U.S.C. § 1915(e)(2)(B).  To the extent Karupaiyan has concerns regarding the spoliation of evidence, those disputes may be raised during the discovery phase of the litigation.  *See generally* Fed. R. Civ. P. 37.  The allegations concerning "loss of income" appear to be damages allegations related to Plaintiff's discrimination claims.  The Complaint's remaining state law claims are dismissed.

## IV.    LEAVE TO REPLEAD

A "court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Although courts generally take a liberal approach in permitting pro se plaintiffs to amend their pleadings, "leave to amend need not be granted when amendment would be futile."  *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).  Repleading is futile when "[t]he problem with [the plaintiff's] cause of action is substantive" and "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *accord Jain v. City of New York*, No. 20 Civ. 5442, 2021 WL 6064204, at *7 (S.D.N.Y. Dec. 22, 2021).

Leave to amend the dismissed claims is denied because the bases for dismissal are substantive and no repleading could cure the deficiencies identified.  The IIED claim is time-barred.  The fraud claim fails to allege Plaintiff's reliance on Moore's statements, which as

alleged were apparently made to and relied upon by someone else.  The unjust enrichment claim

is not based on "circumstances creat[ing] an equitable obligation running from the defendant to

the plaintiff."  *See Corsello*, 967 N.E.2d at 1185.  The Complaint's remaining state law claims do

not allege cognizable claims.  *See* 28 U.S.C. § 1915(e)(2)(B).  Accordingly, leave to amend those

claims is denied as futile.

## V.      CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED in part and DENIED in

part.  For clarity, the Title VII, ADA, ADEA, GINA, NYSHRL and NYCHRL discrimination

claims survive dismissal.  Because the surviving claims allege discrimination against

Karupaiyan, and not his minor children "RP" and "PP", they are dismissed as Plaintiffs in this

lawsuit.  The Court will separately schedule a conference to discuss next steps.

The Clerk of Court is respectfully directed to close Dkt. No. 38.

Dated:  September 15, 2022
         New York, New York

_____
        LORNA G. SCHOFIELD
     UNITED STATES DISTRICT JUDGE