

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747


Joseph A. Gusmano
631.247.4741 direct
631.247.4700 main
631.760.8315 fax
jgusmano@littler.com

March 23, 2023

**VIA ECF**

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, S.D.N.Y.
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:   *Palani Karupaiyan v. Experis US, Inc. et al.*
       **No. 1:21-CV-04675 (LGS)**

Dear Judge Schofield:

This law firm represents Defendants Experis US, Inc., ManpowerGroup US, Inc., Jonas Prising, and Samantha Moore (collectively, "Defendants") in the above-referenced action.  We write in response to *pro se* Plaintiff's motion for various relief related to the anticipated deposition of Samantha Moore.

Plaintiff specifically requests that he be permitted to: (1) audio record the deposition of Ms. Moore on his cellular device; (2) in the alternative, question Ms. Moore and simultaneously transcribe her responses; or (3) conduct Ms. Moore's deposition by written questions pursuant to Federal Rule of Civil Procedure ("FRCP" or "Rule") 30.  *See* ECF Dkt. No. 80.  For the following reasons, Defendants oppose Plaintiff's first and second requests for relief and consent to his third request.

   I.   **BRIEF FACTUAL BACKGROUND**

The deadline to complete discovery in this case has been extended to March 31, 2023, solely to allow Plaintiff the opportunity to depose Ms. Moore.  In extending the discovery deadline, this Court encouraged Plaintiff to take the deposition of Ms. Moore using written interrogatories pursuant to FRCP 31.  *See* ECF Dkt. No. 76.

On March 20, 2023, Plaintiff served the undersigned with a Notice of Deposition setting the date of Ms. Moore's deposition by oral examination for March 28th, 29th, or 30th.  Without consulting counsel beforehand, Plaintiff also noticed Ms. Moore's deposition to take place in-person at Littler's Newark, New Jersey office.  Lastly, Plaintiff added that "[t]he oral deposition will be recorded by Plaintiff manually written as Court ordered."  Plaintiff further represented to counsel in the body of his email

Hon. Lorna G. Schofield, U.S.D.J.
March 23, 2023
Page 2

that no court reporter was necessary because this Court has already ordered him to manually transcribe Ms. Moore's testimony.

In response, counsel informed Plaintiff that they were not aware of any order of this Court permitting Plaintiff to transcribe Ms. Moore's deposition. Counsel also added that Plaintiff would need to seek relief from this Court if he intended on proceeding with Ms. Moore's deposition without a stenographer or other officer present as defined by Rule 28(a). Plaintiff then pivoted and suggested that he will audio record Ms. Moore's deposition using his cellular phone. Plaintiff then filed the instant motion.

## II. APPLICABLE LAW

"The deposition is a fundamental tool of civil litigation, but it is an expensive one." *Soto v. White*, No. 17-cv-551-jdp, 2018 U.S. Dist. LEXIS 205500, at *8 (W.D. Wis. Dec. 5, 2018). As this Court has already acknowledged, "[t]he costs of a deposition must be paid by the party that requests them." *See* ECF Dkt. 76. Plaintiff's indigent status must not allow him to subvert the clear requirements of Rules 28 and 30.

Rule 28(a) states that "a deposition must be taken before: (a) an officer duly authorized to administer oaths either by federal law or by the law in the place of examination; or (b) a person appointed by the court where the action is pending to administer oaths and take testimony. Fed. R. Civ. P. 28(a). Rule 28(c) also disqualifies certain individuals from serving as a deposition officer, including any person "who is financially interested in the action." Fed. R. Civ. P. 28(c). This necessarily prohibits any party (including their attorneys) from serving as an officer.

The duties of the officer are substantial and are prescribed by FRCP 30(b)(5). Specifically, the officer must begin the deposition by stating the following on the record: (1) the officer's name and business address; (2) the date, time, and place of the deposition; (3) the deponent's name; (4) the officer's administration of the oath or affirmation to the deponent; and (5) the identity of all persons present. Fed. R. Civ. P. 30(b)(5)(A). Where a deposition is recorded nonstenographically—as Plaintiff requests here—the officer must also repeat each of the first three items listed above at the beginning of each unit of the recording medium. Fed. R. Civ. P. 30(b)(5)(B). At the end of the deposition, the officer must state on the record, among other things, that the deposition is complete. Fed. R. Civ. P. 30(b)(5)(C). The officer must also "certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony." Fed. R. Civ. P. 30(f).

## III. DEFENDANTS' POSITION

Where there is no officer, there is no deposition. Plaintiff should not be permitted to take the deposition of Ms. Moore without an officer present. In fact, Courts have held that a protective order prohibiting the use of unsworn deposition testimony at trial or on a summary judgment motion is appropriate. *See Lee v. Delta Airlines, Inc.*, No. 20-CV-01705 (WFK) (LGD), 2023 U.S. Dist. LEXIS 42989, at * 7-8 (E.D.N.Y. Mar. 14, 2023) (recounting the grant of a protective order where no deposition officer was present to swear the witness, certify that the witness was duly sworn, take verbatim testimony, and certify the deposition accurately recorded the testimony).

Hon. Lorna G. Schofield, U.S.D.J.
March 23, 2023
Page 3

Defendants also have legitimate practical concerns with permitting Plaintiff to conduct Ms. Moore's deposition without an officer present and without a transcript being prepared.  Principally, a deposition has limited value without a transcript.  Specifically, a deposition cannot be used at evidence at trial absent a transcript.  *See* Fed. R. Civ. P. 26(a)(3)(A)(ii).

Defendants also have concerns with Plaintiff operating audio and/or video equipment at Ms. Moore's deposition, especially without an officer present.  Courts within the Second Circuit frequently prohibit the parties (or their attorneys) from operating camera equipment during a deposition even when an officer and/or stenographer is present.  *See Schoolcraft v. City of New York*, 296 F.R.D. 231, 240 (S.D.N.Y. 2013); *Carvalho v. Reid*, 193 F.R.D. 149 (S.D.N.Y. 2000).

Moreover, the deposition by written interrogatories option is preferable in this case because Plaintiff admits that his primary language is Tamil and he required an interpreter at his deposition.  There is no indication by Plaintiff whether he intends to have a Tamil interpreter present if he were to depose Ms. Moore upon oral examination.

### IV.    CONCLUSION

Defendants specifically object to Plaintiff deposing Ms. Moore without an officer present, a transcript being made, and arrangements for a Tamil interpreter.  Defendants also have legitimate concerns regarding the usefulness of any deposition testimony elicited that is not contemporaneously transcribed by a neutral third-party.

Therefore, Defendants respectfully request that Plaintiff be Ordered to conduct the deposition of Ms. Moore using written interrogatories under Rule 31.

Respectfully submitted,

Littler Mendelson, P.C.


*/s/ Joseph A. Gusmano*

Joseph A. Gusmano