

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747


Joseph A. Gusmano
631.247.4741 direct
631.247.4700 main
631.760.8315 fax
jgusmano@littler.com

March 31, 2023

**VIA ECF**

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, S.D.N.Y.
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:   *Palani Karupaiyan v. Experis US, Inc. et al.*
       No. 1:21-CV-04675 (LGS)

Dear Judge Schofield:

This law firm represents Defendants Experis US, Inc., ManpowerGroup, Inc., Jonas Prising, and Samantha Moore (collectively, "Defendants") in the above-referenced action.  We write to respectfully request a protective order pursuant to Federal Rule of Civil Procedure 26(c) regarding Plaintiff's intent to depose Ms. Moore by written questions.

By Order dated March 24, 2023, this Court permitted Plaintiff to take the deposition of Ms. Moore by written questions pursuant to Federal Rule of Civil Procedure 31 in the event he could not secure a court reporter. *See* ECF Dkt. No. 85. The Parties have met and conferred and appear to have a fundamental disagreement regarding the procedure necessary to effectuate a deposition pursuant to Rule 31.

On March 28, 2023—three days before the deadline to complete discovery—Plaintiff served counsel with a document titled "Deposition to defendant Samantha Moore in the form of Written Paper Format." This document merely sets forth the deposition questions and requests that Ms. Moore provide responses under Oath. While a deposition by written questions may be more cost effective than oral examination, many of the procedural requirements are identical. Specifically, a deposition notice must still be served, an officer must still swear in the witness, and the officer must record the testimony of the witness. *Compare* Fed. R. Civ. P. 30, w*ith* Fed. R. Civ. P. 31.

 Plaintiff's document wholly fails to comply with Rule 31. Specifically, Plaintiff did not serve counsel with a notice of deposition identifying the officer before whom the deposition would be taken, as is required by Rule 31(a)(3). *See Woodward v. Mullah*, 2010 U.S. Dist. LEXIS 77065, 2010 WL 3023117, *5 (W.D.N.Y. July 29, 2010) (granting motion for protective order where "plaintiff's deposition notices fail to comply with Rule 31, which requires that the notice of deposition upon written questions set forth the officer

Hon. Lorna G. Schofield, U.S.D.J.
March 31, 2023
Page 2

before whom the deposition will be taken"). Upon information and belief, Plaintiff also failed to deliver a copy of the deposition questions to the deposition officer as required by Rule 31(b).

As this Court has already stated, Plaintiff's *in forma pauperis* status does not shield him from reasonable discovery costs, including those required to secure a deposition officer. *See* ECF Dkt. 76; *Woodward*, 2010 U.S. Dist. LEXIS 77065, at *12 ("Plaintiff's *in forma pauperis* status . . . does not entitle him to waiver of . . . deposition officer fees.").

Defendants have conferred with Plaintiff regarding this issue and advised him of the deficiencies in his request for a deposition by written questions.  We offered to allow him to serve interrogatories as an alternative method, but he rejected this offer.

Defendants therefore seek a protective order shielding Ms. Moore from responding to Plaintiff's written deposition questions. If, instead, Plaintiff would like to examine Ms. Moore by written interrogatories pursuant to Rule 33, Defendants have no objection, but hereby request the time set forth in the Federal Rules of Civil Procedure to respond to the interrogatories after service.

Respectfully submitted,

Littler Mendelson, P.C.


*/s/ Joseph A. Gusmano*

Joseph A. Gusmano