

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747


Joseph A. Gusmano
631.247.4741 direct
631.247.4700 main
631.760.8315 fax
jgusmano@littler.com

April 28, 2023

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

Re:   *Palani Karupaiyan v. Experis US, Inc. et al.*; Case No. 1:21-CV-04675 (LGS)

Dear Judge Schofield:

This law firm represents Defendants Experis US, Inc. ("Experis"), ManpowerGroup US, Inc. ("Manpower"), Jonas Prising, and Samantha Moore (collectively, "Defendants") in the above-referenced action.  We write to set forth various anticipated grounds supporting Defendants' motion for summary judgment pursuant to Federal Rules of Civil Procedure ("FRCP") 56.

### I.   Background and Plaintiff's Remaining Claims Against Defendants[1]

Experis, a subsidiary of Manpower, is an I.T. staffing services firm. Mr. Prising is Manpower's Chief Executive Officer. Samantha Moore is a Senior I.T. Recruiter for Experis. Plaintiff brings the following causes of action against Defendants for allegedly failing to hire him in 2017: (1) discrimination on the basis of every protected characteristic covered by Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) age discrimination under the Age Discrimination in Employment act ("ADEA"); (3) disability discrimination under the Americans with Disabilities Act ("ADA"); (4) genetic discrimination arising under the Genetic Information Nondiscrimination Act ("GINA"); and age, race, gender, religion, national origin and disability discrimination under (5) the New York State Human Rights Law ("NYSHRL") and (6) the New York City Human Rights Law ("NYCHRL"). All of these claims must be dismissed.

### II.   Summary of Anticipated Arguments for Summary Judgment

Plaintiff's claims against Defendants fail as a matter of law because Experis, as an I.T. staffing firm, did not have the authority to hire Plaintiff for the position he was seeking and was not the actor that ultimately decided not to hire him. Plaintiff's claims under Title VII, the ADA, and GINA also fail as a matter of law because Plaintiff failed to exhaust his administrative remedies before filing suit. Lastly, Plaintiff's NYSHRL and NYCHRL claims fail because they are time barred.

#### A.   The Uncontested Facts Unequivocally Prove that Defendants Did Not Have the Authority to Hire Plaintiff

As an I.T. staffing firm, Experis did not have the authority to hire Plaintiff for the position he was seeking. Rather, that power was contractually granted to Experis' client, the New York City Department of Education ("DOE").  Experis' role was limited to collecting application materials and submitting them

---

[1] Many of Plaintiff's claims were dismissed by the Court on Defendants' FRCP 12(b)(6) motion.

Hon. Lorna G. Schofield, U.S.D.J.
April 28, 2023
Page 2

to open positions with its client. As such, Plaintiff's discrimination claims against Defendants, all of which are brought under a "failure to hire" theory, fail as a matter of law because the DOE—and not Defendants—rejected his employment application.

Employment discrimination claims airing under federal and New York state law are analyzed using the *McDonnell Douglas* burden-shifting framework. *See Valentia v. Faiza Jibril, M.D. v. Guidepoint Global LLC*, 21-2059, 2022 U.S. App. LEXIS 18651, at *3 (2d Cir. July 7, 2022). To establish a *prima facie* case of "failure to hire," a plaintiff must prove that: "(1) he is a member of a protected class, (2) he was qualified for the job for which he applied, (3) he was denied the job, and (4) the denial occurred under circumstances that give rise to an inference of invidious discrimination." *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Under the NYCHRL, a plaintiff must demonstrate that they were treated "less well" than others because of their protected characteristic. *See Valentia*, 2022 U.S. App. LEXIS 18651 at *5.

Plaintiff alleges that Defendants discriminated against him by failing to hire him for the DOE position he applied for. This allegation is completely refuted by the uncontested record, which demonstrates: (1) Experis had a contract with the DOE to provide certain I.T. staffing services in 2017; (2) under that contract, Experis recruited qualified candidates by collecting their application materials and forwarding them to the DOE for consideration; (3) the DOE was solely responsible for interviewing candidates and making the hiring decisions; (4) Plaintiff sought to apply for a position with the DOE through Experis; (5) Samantha Moore, Experis' Senior I.T. Recruiter, corresponded with Plaintiff, collected, and submitted his application materials to the DOE along with three other applicants; and (6) the DOE did not elect to interview Plaintiff for the role, but later offered Plaintiff a different job, which he rejected. There is no evidence whatsoever that Defendants played any role in the DOE's decision not to hire Plaintiff.

In addition, a staffing agency under these circumstances may only be liable for discriminatory conduct of its client under a joint employment theory. *See Lima v. Addeco*, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009), *aff'd sub nom*. *Lima v. Adecco &/or Platform Learning, Inc.*, 375 F. App'x 54 (2d Cir. 2010). The staffing agency can only be liable for the discriminatory conduct of another joint employer if it "knew or should have known of the [discriminatory conduct] and failed to take corrective measures within its control." *Id.* Federal courts throughout the country routinely apply this rule and grant summary judgment to staffing organizations in failure to hire cases brought under federal, state, and local anti-discrimination laws. *See, e.g.*, *Jean-Louis v. Clear Springs Farming, LLC*, No. 8:13-CV-3084-T-30AEP, 2015 WL 2342688, at *6 (M.D. Fla. May 14, 2015); *Pate v. MetoKote Corp.*, No. 3:11-CV-209, 2012 WL 5493865, at *6-7 (S.D. Ohio Nov. 13, 2012). This reasoning stands under the more lenient standards of the NYCHRL. *See Couch v. New York Daily News Co.*, No. 19-CV-5903, 2021 WL 7448476, at *11 (E.D.N.Y. Mar. 23, 2021). There are simply no facts in the record which indicate that Defendants and the DOE were joint employers or that Defendants knew or should have known that the DOE discriminated against Plaintiff in not selecting him for employment.[2]

### B. Plaintiff Failed to Exhaust Administrative Remedies for His Claims Arising under Title VII, the ADA, and GINA

Plaintiff's Title VII, ADA, and GINA claims must be dismissed as a matter of law because he has failed to rebut the presumption of receipt of the Equal Employment Opportunity Commission's ("EEOC") right-to-sue notice. Alternatively, even if Plaintiff can rebut the presumption of receipt, his failure to ever

---

[2] Plaintiff's claims against the individually named Defendants must also fail because there is no evidence they played any role in the DOE's decision not to hire Plaintiff.

receive a right-to-sue letter from the EEOC precludes him from maintaining Title VII, ADA, and GINA claims against Defendants.

"Actions alleging employer violations of Title VII, the ADA, and GINA are subject to the same administrative procedure requirements." *Wimberly v. automotiveMastermind, Inc.*, 20-CV-2880, 2021 U.S. Dist. LEXIS 97029, at *6-7 (S.D.N.Y. May 21, 2021). Before an aggrieved party may file suit under Title VII, the ADA, or GINA, "he is generally required to exhaust the administrative remedies provided by the statute[s]." *See Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018). A plaintiff that asserts claims under Title VII, the ADA, or GINA must file suit within 90 days of "*receiving* a right-to-sue letter from the agency." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015) (emphasis added). While the presumption that the right-to-sue is received three days after mailing is rebuttable, "[t]he mere denial of receipt does not rebut that presumption." *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985). Plaintiff has failed to rebut the presumption of receipt.

Alternatively, Plaintiff's Title VII, ADA, and GINA claims fail as a matter of law because Plaintiff has consistently testified that he <u>never</u> received the right-to-sue notice from the EEOC. Plaintiff first admitted to not receiving the EEOC's right-to-sue letter in his memorandum of law in opposition to Defendants' motion to dismiss. *See* ECF Dkt. No. 42, p. 6 ("[P]laintiff did not receive the Right to sue notice from EEOC with his multiple effort."). At the preliminary conference, which was held on October 5, 2023, Plaintiff again admitted that he has not received the right-to-sue notice from the EEOC "until today" (i.e., "as of today"). Lastly, at his deposition, Plaintiff repeatedly testified that he still has not received the right-to-sue letter from the EEOC. Plaintiff, who is a seasoned litigant and has brought discrimination cases based on a failure to hire theory against the DOE, CVS, and International SOS, among others, is well aware that he must receive a right-to-sue from the EEOC before bringing a Title VII, ADA, or GINA claim in court. In fact, Plaintiff's lawsuit against the NYC DOE, which stemmed from the same set of material facts as the instant lawsuit, was dismissed for this very reason. *See Karupaiyan v. New York City Department of Education*, No. 17-CV-06765 (WFK)(LB) (E.D.N.Y. Dec. 10, 2019), ECF Dkt. No. 37, p. 6.

### C. Plaintiff's Causes of Action Arising Under State and Local Anti-Discrimination Laws are Time Barred

Plaintiff's claims arising under the NYSHRL and NYCHRL are time barred because the DOE rejected his application prior to the applicable limitations period. Both the NYSHRL and NYCHRL have three-year statutes of limitations, s*ee* N.Y. C.P.L.R. §214(2); N.Y.C. Admin. Code § 8-502(d), but the filing of a Charge of Discrimination with the EEOC tolls the statute of limitations from the date of filing to the date the EEOC issues the right-to-sue. *See Russo v. New York Presbyterian Hosp.*, 972 F.Supp.2d 429, 445 (E.D.N.Y. 2013). Even with the benefit of this tolling, all allegedly discriminatory acts or omissions by Defendants that occurred occurring on or before October 20, 2017, are time barred.

Respectfully submitted,

Littler Mendelson, P.C.

*/s/ Joseph A. Gusmano*

Joseph A. Gusmano
Lisa M. Griffith