UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
PALANI KARUPAIYAN,                                          :
                                    Plaintiff,     :        21 Civ. 4675 (LGS)
                                                            :
                  -against-                        :        **OPINION AND ORDER**
                                                            :
EXPERIS US INC., et al.,                           :
                                    Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        Pro se Plaintiff Palani Karupaiyan brings this action against Defendants Experis US Inc.

("Experis"), ManpowerGroup US Inc., Jonas Prising and Samantha Moore, asserting claims of

unlawful employment discrimination.  An Opinion dated September 15, 2022, granted in part and

denied in part Defendants' motion to dismiss.  Plaintiff's claims pursuant to Title VII of the Civil

Rights Act of 1964, the Americans with Disabilities Act ("ADA"), the Age Discrimination in

Employment Act ("ADEA"), the Genetic Information Nondiscrimination Act ("GINA"), the New

York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law

("NYCHRL") survived the motion to dismiss.[1]  With discovery now complete, Defendants move

_____

[1] The following counts of the Amended Complaint survived the Motion to Dismiss: (1) age
discrimination in violation of ADEA and Title VII; (2) "[c]olor discrimination" in violation of
Title VII; (3) discrimination based on corruption in violation of Title VII; (4) disability
discrimination in violation of ADA and Title VII; (8) "[f]ailure/refus[al] to hire" in violation of
Title VII, ADA, ADEA, GINA, NYSHRL and NYCHRL; (9) failure to accommodate in
violation of ADA and Title VII; (11) favoring hiring foreigners over U.S. citizens in employment
in violation of Title VII; (12) gender discrimination in violation of Title VII; (13) genetic
discrimination in violation of GINA; (14) national origin discrimination in violation of Title VII;
(16) racial/ethnicity discrimination in violation of Title VII; (17) religious discrimination in
violation of Title VII; (18) retaliation in violation of Title VII, ADA, ADEA, NYSHRL and
NYCHRL; (19) unequal terms and conditions in violation of Title VII, ADA, ADEA, NYSHRL
and NYCHRL; (22) U.S. citizenship discrimination in violation of Title VII, GINA, NYSHRL,
and NYCHRL.

for summary judgment on the surviving claims.  For the reasons below, Defendants' motion for summary judgment is granted.

## I.    BACKGROUND

The following facts are drawn from Defendants' Rule 56.1 statement and other submissions in this action.  The facts are undisputed or based on record evidence drawing all reasonable inferences in favor of Plaintiff as the non-moving party.  *See N.Y. State Teamsters Conf. Pension & Ret. Fund v. C & S Wholesale Grocers, Inc.*, 24 F.4th 163, 170 (2d Cir. 2022).

In 2017, when the relevant events occurred, Plaintiff was 46 years old.  He is a naturalized U.S. citizen.  He originates from South India, has "black skin" and speaks Tamil.  Plaintiff describes himself as a follower of the Hindu religion.  Plaintiff suffers from diabetes and from Situs Inversus Totalis, a genetic disability that causes pulmonary and vascular issues.

Defendant Manpower is a global firm providing "contingent staffing and permanent recruitment services."  Defendant Jonas Prising is Manpower's CEO.  Experis is a subsidiary of Manpower and provides "professional resourcing and managed services."

Around October 2017, Plaintiff was working as a contractor for the New York City Department of Education (the "DOE").  During the relevant time period, Experis had a non-exclusive contract with the DOE to provide short-term consultant staffing services.  Plaintiff communicated his interest in continuing to work on DOE projects to Defendant Samantha Moore, a senior recruiter at Experis.  The Amended Complaint alleges, and Defendants dispute, that when positions became available, Defendants refused to hire Plaintiff based on protected characteristics.

2

In January 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") against Experis.  On May 25, 2021, Plaintiff filed this action against Defendants.

## II.   STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020).[2]  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Saleem v. Corp. Transp. Grp., Ltd.*, 854 F.3d 131, 148 (2d Cir. 2017).

In evaluating a motion for summary judgment, a court must "construe the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor."  *Torcivia v. Suffolk Cnty.*, 17 F.4th 342, 354 (2d Cir. 2021).  In considering Defendants' motion for summary judgment, the Court is "required to accept all sworn statements by [Plaintiff] as to matters on which [he is] competent to testify, including what [he] did, what [he] observed, and what [he] was told by company managers."  *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 46 (2d Cir. 2019).  "Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party."  *Marvel Characters, Inc. v.*

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

*Simon*, 310 F.3d 280, 286 (2d Cir. 2002); *accord Rodriguez v. City of New York*, No. 21 Civ. 1384, 2023 WL 2368985, at *2 (S.D.N.Y. Mar. 6, 2023).

Plaintiff requested, and the Court agreed, to waive Plaintiff's obligation to file any memorandum of law in opposition.  "[E]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Cain v. Esthetique*, 182 F. Supp. 3d 54, 63 (S.D.N.Y. 2016).  The Court "must examine the movant's statement of undisputed facts and the proffered record support and determine whether the movant is entitled to summary judgment." *Jackson v. Fed. Exp.*, 766 F.3d 189, 197 (2d Cir. 2014).  "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *accord Barnett v. Diaz*, No. 19 Civ. 415, 2022 WL 1912246, at *3 (S.D.N.Y. June 2, 2022).

Pro se litigants are accorded "special solicitude to protect them from inadvertent forfeiture of important rights because of their lack of legal training." *Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021).  A pro se litigant's papers must be construed liberally "to raise the strongest arguments they suggest." *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021).  Courts "are less demanding of [pro se] litigants generally, particularly where motions for summary judgment are concerned." *Jackson*, 766 F.3d at 195.  Pro se status does not, however, "relieve [a non-movant] of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 50 (2d Cir. 2003); *accord Gayle v. Hoffman*, No. 18 Civ. 3772, 2019 WL 9467540, at *2 (S.D.N.Y. Mar. 28, 2019).

4

## III.     DISCUSSION

Defendants' motion is granted on each count because the record contains insufficient evidence to create a genuine issue of material fact necessary to survive summary judgment.

### A.  Exhaustion of Administrative Remedies

As a threshold issue, Defendants argue that Plaintiff failed to exhaust administrative remedies for his discrimination claims because (1) he did not timely file suit after receipt of the EEOC right to sue letter and (2) he failed to properly raise his GINA claims before the EEOC. The issue of when Plaintiff received his right to sue letter is disputed, which precludes granting Defendants summary judgment on all the discrimination claims on the alleged basis that they are untimely.  Summary judgment is granted on the GINA claims because there is no dispute that the claim was not raised before the EEOC.

### 1.  Timeliness

The question of the timeliness of this action is not appropriate to resolve on summary judgment because evidence in the record is sufficient to create a factual issue.  Before filing a lawsuit under Title VII, the ADA or GINA, a plaintiff is generally required to exhaust the administrative remedies provided by the statutes.  *See Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018) (Title VII); *Guan v. New York State Dep't of Env't Conservation*, No. 16 Civ. 2180, 2019 WL 1284260, at *2 (E.D.N.Y. Mar. 20, 2019) (Title VII, ADA and GINA).  A plaintiff who asserts claims under Title VII, the ADA or GINA must file suit within ninety days of receiving a right-to-sue letter from the agency.  *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA); 42 U.S.C § 2000ff-6(a)(1) (GINA).  This time limitation is "analogous to a statute of limitations."  *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir. 1996); *accord*

*Wimberly v. automotiveMastermind, Inc*., No. 20 Civ. 2880, 2021 WL 2043623, at *3 (S.D.N.Y. May 21, 2021).

Defendants argue that Plaintiff did not exhaust his claims because he did not file this action within ninety days of receiving the right-to-sue letter.  In support, Defendants presented evidence that the EEOC issued a Dismissal and Notice of Rights on November 29, 2018, and that it was marked "received" with a stamp from Defendants' counsel on December 7, 2018, several years before Plaintiff initiated this action.  Plaintiff provided an affidavit stating he did not receive the right to sue letter until March 21, 2022.  As the opinion on Defendant's motion to dismiss states, these documents conflict and illustrate the parties' factual dispute.  *See Karupaiyan v. Experis IT*, No. 21 Civ. 4675, 2022 WL 4280529, at *3 (S.D.N.Y. Sept. 15, 2022) (declining to convert motion to dismiss to allow for consideration of notice of rights documentation because "[e]ven if converted, the issue could not be resolved on a motion for summary judgment because the documents conflict and merely illustrate, rather than resolve, the parties' factual dispute").

Defendants argue that Plaintiff has failed to offer any explanation for his failure to receive the right-to-sue notice.  The Amended Complaint alleges that Plaintiff was evicted as of June 2018, several months before the letter was sent.  The portions of Plaintiff's deposition suggesting that he was evicted in June 2019 create a factual issue inappropriate for resolution on summary judgment.

### 2.  Exhaustion of GINA Claims

Summary judgment is granted to Defendants on the GINA claims because the record contains no evidence from which a reasonable jury could conclude that Plaintiff exhausted his

GINA claims before the EEOC.  Courts in this district have held that a plaintiff fails to exhaust his administrative remedies if he fails to check the relevant box on his charge of discrimination or otherwise raise discrimination on the asserted basis before the EEOC.  *See, e.g.*, *Rusis v. Int'l Bus. Machs. Corp.*, 529 F. Supp. 3d 178, 204 (S.D.N.Y. 2021) (collecting cases and concluding plaintiff failed to exhaust ADEA claims when he did not check the box for age discrimination or allege any facts concerning discrimination based on age before the EEOC).  Plaintiff's initial Charge of Discrimination did not allege discrimination based on genetic information.  The box for "Genetic Discrimination" on the Charge is not checked, and the Charge does not otherwise state that Plaintiff was discriminated against based on genetics.  Defendants' summary judgment motion is granted on the GINA claims.

Even if Plaintiff's GINA claims had been properly raised and exhausted before the EEOC, summary judgment is appropriate on the independent ground that the record contains no evidence from which a reasonable jury could conclude that Defendants discriminated against Plaintiff because of his genetic information.

GINA makes it unlawful for an employer to discriminate based on an employee's genetic information, defined as "information about -- (i) such individual's genetic tests, (ii) the genetic tests of family members of such individual, and (iii) the manifestation of a disease or disorder in family members of such individual."  42 U.S.C. §§ 2000ff(4)(A), 2000ff-1(a)(1).  There appears to be no record evidence to show that Defendants considered, or even possessed, any of Plaintiff's genetic information, as statutorily defined.  Similarly, there appears to be no record evidence to show that Plaintiff was discriminated against on account of his genetic information.  Summary judgment therefore is appropriate as to Plaintiff's GINA claims.

### B. Employment Discrimination Claims

### 1. Claims Under Title VII, ADA, ADEA and NYSHRL

As a matter of law, Plaintiff's claims fall outside the scope of Title VII, the ADA, the ADEA and the NYSHRL. For liability under those statutes, an employer-employee relationship must have existed between the parties at the time of the alleged discrimination. *See Christiansen* v. *Omnicom Grp., Inc.*, 167 F. Supp. 3d 598, 608 (S.D.N.Y. 2016) (Title VII, ADA and NYSHRL), *aff'd in part, rev'd in part on other grounds*, 852 F.3d 195 (2d Cir. 2017); *Frankel* v. *Bally, Inc.*, 987 F.2d 86, 88-89 (2d Cir. 1993) (ADEA). These laws protect employees, but not independent contractors. *See Frankel*, 987 F.2d at 89 (ADEA); *Attis* v. *Solow Realty Dev. Co.*, 522 F. Supp. 2d 623, 627 (S.D.N.Y. 2007) (ADA and NYSHRL); *Tagare* v. *Nynex Network Sys. Co.*, 994 F. Supp. 149, 154 (S.D.N.Y. 1997) (Title VII); *accord Karupaiyan v. CVS Health Corp.*, 19 Civ. 8814, 2021 WL 4341132, at *9 (S.D.N.Y. Sept. 23, 2021) (*Karupaiyan I*).[3]

The employee-employer inquiry is a fact intensive determination that requires the application of the common law of agency. *See Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 113 (2d Cir. 2000); *accord Karupaiyan I*, 2021 WL 4341132, at *9. Where, as here, a plaintiff's claims are predicated on an alleged failure to hire, a court must look to whether

---

[3] In 2019, the NYSHRL was amended to extend coverage to non-employees. *See* N.Y. Exec. Law § 296-d (amended L. 2019, c. 160, § 4). The effective date of the amendment is October 11, 2019, and thus applies to conduct on or after that date. *See Franklin v. Whole Foods Mkt. Grp., Inc.*, No. 20 Civ. 4935, 2022 WL 256460, at *3 n.4 (S.D.N.Y. Jan. 26, 2022) ("Neither amendment [to the NYSHRL or NYCHRL] appears to apply retroactively."). The amendments do not apply to Plaintiff's claims because his claims accrued in 2017. Plaintiff submitted a charge to the EEOC in 2018, which stated that the alleged discrimination took place on October 4, 2017. Nothing in the record suggests that any allegedly unlawful conduct took place after 2017 or the effective date of the NYSHRL amendment.

the relationship would have been that of an independent contractor or employee.  *See Felder v. U.S. Tennis Ass'n*, 27 F.4th 834, 845 (2d Cir. 2022).  To prove an employment relationship, a plaintiff must demonstrate that if he had been hired, his "alleged employer would have exerted control over the terms and conditions of [his] anticipated employment by, for example, training, supervising, and disciplining [him]."  *Id.*

The undisputed facts in the record show that Defendants would not have exerted control over the terms and conditions of Plaintiff's employment.  If selected by the DOE, Plaintiff would not have been supervised or directed by Defendants.  He would not have performed services for Defendants.  Defendants would not have had any role in setting Plaintiff's duties or provided Plaintiff with the tools needed to perform those duties.  Defendants would not have paid Plaintiff directly or provided him with employee benefits.

Plaintiff's statements during his deposition regarding Experis's role do not create an issue of fact.  He testified, "Experis took my resume, Experis interviewed me, they negotiated the pay rates . . . and then after all three conditions were met, the resume was handed over to [the DOE]."  He also stated that "[t]he [DOE] does not know who has to be hired and things like that."  Even if true, those statements do not bear on Plaintiff's status as an employee because they concern the pre-employment selection process, not the terms and conditions of Plaintiff's employment.  Similarly, Experis's obligations under its contract with the DOE -- namely, to identify "potential [c]andidates," conduct "initial interviews," verify candidates' employment documentation, confirm the required technical skills, check references and perform background checks -- also go to the pre-employment selection process.

9

Other statements from Plaintiff's deposition are too conclusory to create a factual issue. "A party opposing summary judgment normally does not show the existence of a genuine issue of fact to be tried merely by making assertions that are based on speculation or are conclusory." *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021). Plaintiff testified, "As far as I am concerned, Experis has the authority" to hire candidates that Experis presents to the DOE. Plaintiff stated that DOE projects have "to be finished through Experis employees. If the project fails, it is Experis' responsibility" and that "the responsibility of Experis is to finish the project." The record contains no facts to support these conclusory statements. Defendants therefore are entitled to judgement as a matter of law on these claims.

### 2.  Claims Under the NYCHRL

There is no genuine issue of material fact that Plaintiff's claims fall outside the scope of the NYCHRL. Coverage under the NYCHRL is "broader" than under federal and state anti-discrimination laws. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). Unlike the federal and state statutes, the NYCHRL's protections during the relevant period did extend to some independent contractors, provided that the contractors were "natural persons employed as independent contractors to carry out work in furtherance of an employer's business enterprise who are not themselves employers." N.Y.C. Admin. Code § 8-102.[4] "Courts in this District have read this provision to preclude claims brought by workers who were hired by

---

[4] In 2020, the NYCHRL was amended to cover independent contractors without the limitation that those contractors be natural persons. *See* N.Y.C. Admin. Code § 8-107(23) (amended L. 2019, c. 172, § 4). The effective date of this amendment is January 2020. Therefore, it does not apply to Plaintiff's claims, which accrued in 2017. *See Franklin*, 2022 WL 256460, at *3 ("Neither amendment [to the NYSHRL or NYCHRL] appears to apply retroactively.").

10

third parties via an entity like an LLC." *Smith v. Calypso Charter Cruises Inc*., No. 19 Civ. 7076,

2021 WL 4084182, at *12 (S.D.N.Y. Sept. 8, 2021) (collecting cases).

      The undisputed evidence shows that the DOE would have contracted with the entity,

Karupaiyan Consulting, Inc., which in turn would have employed Plaintiff.  Plaintiff's

eponymous corporation is not a "natural person[]" protected by the NYCHRL.  Ms. Moore's

affidavit states that Plaintiff sent her a partially completed application for Karupaiyan Consulting,

Inc., to contract with Experis in October 2017.  Based on this partial application, Ms. Moore told

Plaintiff that Karupaiyan Consulting, Inc. did not meet Experis's requirements for new consultant

suppliers but that the contracts department "may have an exception" to those requirements.  Ms.

Moore's affidavit states that, even though Karupaiyan Consulting, Inc. was not yet eligible to

contract, she submitted Plaintiff's resume for a potential position with the DOE.  In her affidavit,

Ms. Moore states, "If selected by the DOE, [Plaintiff's] company, Karupaiyan Consulting, Inc.,

would have been compensated on a 1099-MISC form with no deductions or withholdings."  On

October 6, 2017, Plaintiff emailed Ms. Moore stating, "You will be paying Karupaiyan

Consulting Inc. on c2c," i.e., corporation to corporation.

      Plaintiff's statements in his deposition regarding the amounts he would have been paid

and the salaries "offer[ed] to [him]" are insufficient for a jury to find that the potential hiree was

the "natural person," Plaintiff, rather than the company, Karupaiyan Consulting, Inc.  To the

extent those statements are relevant to Plaintiff's claims here, the statements concern pay rates

and do not concern the individual or entity that would have received the payment or whether

Plaintiff would have been paid directly or through the company.  Defendants are entitled to

judgement as a matter of law on the NYCHRL discrimination claims.

## IV.    CONCLUSION

For the reasons above, Defendants' motion for summary judgment is GRANTED.  The

Clerk of Court is respectfully directed to close the motions at Dkt. 100 and to close this case.

Dated: March 14, 2024
         New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

12