| | |
|---|---|
| Palani Karupaiyan et al<br>v.<br>Experis US inc et al | In the<br>United States Dist Court for SDNY<br>Docket - 21-cv-04675-LGS |

Motion for reconsideration vacate the Summary Judgment and/or New trial

1) This court entered OPINION AND ORDER ecf-111 and judgment ECf-112 for the defendants' motion for Summary judgment.
2) 42 U.S. Code § 1981 is dismissed yet against any defendats.
3) Transcript submitted by defendant for summary judgment has error that my SSN is completely visible. Also the transcript has blue cross as my employer which I never wored..
After deposition, plaintiff requested the defendants to provide a copy of transcript to correct which was denied.
The defendants filed invalid, incorrect transcript as undisputed material and got summary judgment.

4) Because of plaintiff Karupaiyan worked Karupaiyan Consulting is LLC of Plaintiff, the summary judgment is granted.  Karupaiyan Consulting is s-corp and the plaintiff is employee and plaintiff is not owner of Karupaiyan consulting.
5) GINA claims, plaintiff did not check in the EEOC's charge sheet, GINA claim is denied which in correct.

See In *FT. BEND COUNTY, TEXAS v. Davis*, 139 S. Ct. 1843 -

Supreme Court 2019@ 1845 (**Held: Title VII 's charge-filing requirement is not jurisdictional. Pp. 1848-1852**.) held that Title VII's filing requirement are based on Claim-processing and not jurisdictional.

Plaintiff's motion for reconsideration is **DENIED** because this Court does not have jurisdiction to decide the motion.  On March 18, 2024, Plaintiff filed a notice of appeal in this action.  The effect of filing a notice of appeal is to deprive the district court of its jurisdiction over any aspect of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 103 S. Ct. 400, 402 (1982).   Under Federal Rule of Appellate Procedure 4(a)(4)(B), a district court may rule on a reconsideration motion if it is filed before the notice of appeal.  Plaintiff's motion was filed on March 25, 2024, after the notice of appeal.  Therefore, this Court lacks jurisdiction to decide the motion.  Plaintiff's statement that his Social Security Number appears on the public docket is not involved in his appeal.  Therefore, the Clerk of Court is respectfully directed to place Dkt. No. 101 under seal.  Defendants shall refile the materials at Dkt. No. 101, with Plaintiff's SSN redacted, by **April 2, 2024.**  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 116.

Dated: March 28, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE